# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-30093
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
September 30, 2024

Lyle W. Cayce
Clerk

Matthew Jones,

*Plaintiff—Appellant*,

*versus*

Louisiana State Police; New Orleans Police
Department,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:23-CV-7258

———————————————————————

Before Davis, Smith, and Higginson, *Circuit Judges*.

Per Curiam:*

*Pro se* plaintiff Matthew Jones filed a 42 U.S.C. § 1983 suit against the Louisiana State Police (LSP) and the New Orleans Police Department (NOPD). Plaintiff alleged that, since the age of fourteen, his aunt "planned scheduled anal rapes and tortures for me from the police all along the U.S. Route 13 Highway from Delaware to Georgia, to Florida and back to

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30093

Delaware." The magistrate judge's report and recommendation found this case should be dismissed as frivolous and/or for failing to state a claim under 28 U.S.C. § 1915(e)(2)(B) because the NOPD is not a legal entity or person capable of being sued and because the Eleventh Amendment bars his complaint against LSP. Jones's objection to the magistrate judge's report did not address the reasons dismissal was recommended. The district court overruled Jones's objection and adopted the recommendation, dismissing the case with prejudice.

In this Court, Jones's brief is best described as nonsensical. It does not specifically challenge the district court's finding that the NOPD is not capable of being sued; nor does it challenge the district court's finding that the LSP is an arm of the State of Louisiana protected by Eleventh Amendment immunity. Jones's failure to identify any error in the district court's dismissal "is the same as if he had not appealed" at all. *Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). He has therefore abandoned, by failure to brief, any challenge to the dismissal of his complaint. *See Yohey v. Collins,* 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Jones v. Orange Tex. Police Dep't.*, No. 24-40070, 2024 WL 2239590 (5th Cir. May 17, 2024) (affirming § 1915(e)(2)(B) dismissal of Jones's claims for failing to brief or identify error).

We therefore AFFIRM the district court's judgment.

2